IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIAN I. MORGAN,
    Reg. No. 74212-083

    Petitioner,

v.                                    Case No. 5:22-cv-188/TKW/MAL

KEVIN D. PISTRO,
F.C.I. MARIANNA

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Respondent's Motion to Dismiss Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for Failure to Exhaust Administrative Remedies.[1] ECF No. 14. Petitioner has not responded in opposition to the motion. For the reasons discussed herein, the undersigned concludes the motion to dismiss should be granted because Petitioner has not exhausted her administrative remedies as to either of her two claims, and the Court lacks jurisdiction to release her under the CARES Act. The petition should therefore be dismissed.

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## Procedural History

Petitioner Marian I. Morgan is a 68-year-old federal prisoner currently incarcerated at the Federal Correctional Institution in Marianna, Florida. A jury in the U.S. District Court for the Middle District of Florida convicted Petitioner of twenty-two counts involving fraud, money laundering and making false statements on tax returns, and in May of 2012, the court sentenced her to a total term of 420 months' imprisonment. M.D. Fla. Case 8:09cr585-SCB-TBM, ECF No. 434.

In September of 2022, Petitioner filed a pro se habeas petition under 28 U.S.C. § 2241, raising two claims. ECF No. 1. Because she had not properly completed the required Court form, she was required to file an amended petition. ECF No. 6. Petitioner complied, filing an amended petition in October of 2022 raising the same two grounds for relief. ECF No. 7. Petitioner seeks sentencing credits to which she claims she is entitled under the First Step Act ("FSA") and an order compelling the BOP to cease from requiring her to have served a percentage of her sentence to qualify for home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act).

Respondent moved to dismiss the petition for failure to exhaust administrative remedies. ECF No. 14. Petitioner advised the Court she had not received a copy of the motion ECF No. 18, which Respondent then remailed to Petitioner on February

8, 2023. *See* ECF No. 20. The March 16, 2023 deadline for filing a response has elapsed without a response in opposition from Petitioner. This is not fatal to her petition as the Court did not require a response and the Court will independently assess the motion to dismiss.

## Discussion

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the defense in this case.

The BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 et seq. The BOP's administrative remedy procedure is a multi-tier system. See 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a).

If informal resolution is unsuccessful, the inmate may then initiate the formal review process, which has three steps. First, the inmate must file a Request for

Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; see also *Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to

have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

This case may be resolved at the first step because there is no factual dispute as to what Petitioner has done. Respondent's exhibits demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition.

**B. Petitioner has not exhausted her administrative remedies**

   **1. FSA Credits**

In Ground One of her § 2241 petition, Petitioner contends she has not received FSA credits to which she is entitled. She indicates on the § 2241 form that she has presented this ground to the BOP through the administrative grievance process (ECF No. 7 at 3). However, Petitioner left blank on the petition the relevant dates and results of the proceedings to support her claim of exhaustion. ECF No. 7 at 3, ¶ 7(a)[1]. Furthermore, the attachments to her amended petition do not support a finding that she fully exhausted the administrative remedy process because there are no grievances concerning calculation of FSA credits.

Respondent, on the other hand, has presented uncontroverted evidence in the

form of a declaration signed by BOP Attorney Advisor Megan Marlow that Petitioner filed only a single administrative remedy at the institutional level relating to the application of FSA credits. ECF No. 14-1 at ¶¶ 12, 14. She did not appeal to either the Regional Office as required. Thus, her claim regarding the FSA credits is subject to dismissal for failure to exhaust.

Furthermore, it appears this claim may also be moot due to the award of 365 days of credit. The FSA permits eligible inmates to earn time credits to be applied toward time in prerelease custody or supervised release, which includes home confinement or placement at a residential reentry center. 18 U.S.C. § 3632(d)(4)(A) and (C); 18 U.S.C. § 3624(g)(2). If an inmate has a term of supervised released imposed as part of her sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d) (emphasis added). Therefore, inmates are eligible to earn and apply a maximum of 365 days of FSA credit towards early transfer to supervised release. The undersigned notes when Petitioner filed the instant case, her projected release date was June 14, 2038. *See* ECF No. 7 at 45. Her current release date is June 14, 2037. *See* https://www.bop.gov/inmateloc/ . The change in Petitioner's projected release date from June 14, 2038 to June 14, 2037

suggests the maximum 365 days of FSA credit has been applied. However, Respondent's motion to dismiss raises only the issue of exhaustion of administrative remedies.

### 2. CARES Act

Petitioner's second ground for relief, her claim under the CARES Act, also is not fully exhausted, despite her statement that she "provides proof herewith that she has fully exhausted the internal grievance process required by the BOP." Doc. 7 at 12. Petitioner left blank on the petition the relevant dates and results of the proceedings to support her claim of exhaustion. ECF No. 7 at 3, ¶ 7(b)[1]. None of the grievances attached to her amended petition reflect that she filed any appeals to the Central Office. *See* ECF No. 7 at 21-31. Ms. Marlow's affidavit confirms this. *See* ECF No. 14-1 at ¶ 13. Therefore, the petition is subject to dismissal for failure to exhaust.

### C. The Court lacks Jurisdiction to Order Petitioner's Home Confinement

Even if Petitioner had exhausted her administrative remedies as to her request to be placed on home confinement, Respondent argues this Court does not have jurisdiction to order her release to home confinement because the BOP has sole authority to place Petitioner on home confinement. ECF No. 14 at 6.

The BOP's statutory authority to transfer prisoners to home confinement

rests in 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541. The statute provides in pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

The CARES Act provides that the BOP Director "may lengthen the maximum amount of time which the Director is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning" of the BOP. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), § 12003(b)(2). *Haymore v. Joseph*, 3:20cv5518-MCR/MAF, 2020 WL 6587279, at *6 (N.D. Fla. Sept. 21, 2020). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." *Id.* (quoting *United States v. Phillips*, No. 6:16cr198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020)).

However, even under the CARES Act, the case law is abundantly clear that "the BOP retains exclusive jurisdiction to decide whether to place a prisoner under extended home confinement." *Roberts v. Pistro,* 5:22cv129/TKW/MAL, 2022 WL

18108684 (N.D. Fla. Dec. 6, 2022)[2] (citing *United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement"); *see also United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *Brown v. Attorney General*, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020) (same result in order on petition pursuant to § 2241); *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement"); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.")); *accord Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021); *Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L.Ed.2d 357 (2011)).

---

[2] Report and recommendation adopted sub nom. *Roberts v. Piestro*, No. 5:22CV129-TKW-MAL, 2023 WL 35745 (N.D. Fla. Jan. 4, 2023).

In sum, the CARES Act does not provide the Court the authority to grant Petitioner's request that she be placed on home confinement. *See United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. 2022).

Accordingly, it is respectfully RECOMMENDED:

1. Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECF No. 14) be **GRANTED**.

2. The amended petition under 28 U.S.C. § 2241 (ECF No. 7) be **DISMISSED**.

3. The clerk be directed to close the case file.

At Gainesville, Florida on March 28, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.