UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIAN I. MORGAN,

    Petitioner,
v.                                      Case No. 5:22-cv-188/TKW/MAL

KEVIN D. PISTRO,
F.C.I. MARIANNA

    Respondent.
_____/

## **O R D E R**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 21) and Petitioner's untimely[1] objection (Doc.22). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review the Court agrees with the magistrate judge's determination that this case should be dismissed because Petitioner failed to exhaust her administrative remedies and the Court lacks jurisdiction to release Petitioner under the CARES Act.

---

[1] The R&R was issued on March 28, 2023, and it was mailed to Petitioner on that same date. The fact that Petitioner did not receive the R&R until "April 4 or 5" has no bearing on the timeliness of the objection because she had 17 days from that date the R&R was mailed—i.e., until April 14—to file objections. *See* Fed. R. Civ. P. 72(b)(2) (giving parties 14 days after service of the R&R to file objections); Fed. R. Civ. P. 5(b)(2)(C) (stating that service by mail is complete upon mailing); Fed. R. Civ. P. 6(d) (providing an additional 3 days when service is made by mail. Petitioner's objection was not filed until April 17 when she provided it to prison officials for mailing—and, thus, it was three days late. Nevertheless, the Court will consider the objection on the merits.

Plaintiff argues in her objection that the R&R did not address "Ground Two" in the petition. There is no merit to that argument because the magistrate judge specifically concluded that the Petitioner did not exhaust her administrative remedies on that ground. *See* Doc. 21 at 7.

The Court did not overlook Petitioner's argument that she was not required to exhaust her administrative remedies on Ground Two because she was not asking for the Court to release her on home confinement, but rather she was merely asking the Court to decide whether "Congress, in enacting the CARES Act, authorize[d] the BOP to institute a 50% time served limitation before it would consider Petitioner for transfer to home confinement." *See* Doc. 22 at 6. However, the Court does not have the authority to decide abstract legal issues and unless and until the BOP has had an opportunity to address the application of the CARES Act to Petitioner through the administrative remedy process, there is no ripe "case or controversy" for the Court to decide. *See Garten v. Pistro*, 2023 WL 2090281, at *1 (N.D. Fla. Feb. 17, 2023) (rejecting inmate's argument that she was not required to exhaust her administrative remedies because her §2241 petition raised "issues of statutory interpretation that apply to all prisoners").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in

this Order.

2. Respondent's motion to dismiss (Doc. 14) is GRANTED.

3. The amended petition under 28 U.S.C. § 2241 is DENIED.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 24th day of April, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**